UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARCUS FIELDS,

    Plaintiff,                              No. 18-13259

v.                                          District Judge Marianne O. Battani
                                                Magistrate Judge R. Steven Whalen

AT&T UMBRELLA BENEFIT
PLAN NO. 3,

    Defendant.
_____/

**OPINION AND ORDER**

This is an ERISA[1] case brought under 29 U.S.C. § 1132(a)(1)(B). Before the Court is Defendant's Motion to Enforce Settlement Agreement [ECF No. 29]. For the reasons discussed below, the motion will be DENIED.

**I.    FACTS**

The parties are in agreement as to certain facts.[2] Appended to Defendant's motion as Exhibit A is the of Rachel Kaercher, Defendant's attorney [ECF No. 29-1, PageID.7294-7300].[3] Ms. Kaercher states that settlement discussions began in September

---

[1] The Employee Retirement Income Security Act of

[2] In his response, Plaintiff's counsel states, "The recitation of facts contained in Defendant's brief is generally correct with the noted exception that Plaintiff's counsel never agreed to include any potential claims that related to Joedda Field's emergency gall bladder surgery." [ECF No. 33, PageID7357].

[3] Attached to Attorney Kaercher's Declaration are email exchanges between counsel [ECF No. 29-1, PageID.7301-7320]; the proposed but unsigned Settlement and Release Agreement [ECF No 29-1, PageID.7321-7327]; a Notice of Settlement [ECF No. 29-1, PageID.7329-7330; and subsequent emails between counsel [ECF No. 29-1, PageID.7332-7348].

of 2019. *Kaercher Declaration*, *id.*, ¶ 4. Between September 13 and October 24, 2019, a number of demands and offers were exchanged, but no agreement was reached as to the amount of the settlement. Defendant made a "final offer" of $10,000 on October 24. Negotiations stalled at that time. *Id*. ¶¶ 4-11.

On November 1, 2019, negotiations resumed, with Plaintiff's counsel proposing a settlement amount of $20,000, plus the restoration of seniority benefits that were lost during the time of Plaintiff's disability leave. *Id*. ¶¶ 12-13. Defendant made a counter-offer of $15,000, with a general release of all claims. Plaintiff countered with a demand of $15,409.02, which included some court costs. This was acceptable to Defendant. *Id*. ¶¶ 17-18. Both counsel agreed to the filing of a "Notice of Settlement," and Defendant's counsel sent Plaintiff's counsel a proposed settlement agreement. *Id*. ¶¶ 20-22. However, around December 10 or 11, 2019, Plaintiff's counsel related his client's refusal to sign the settlement agreement "because the general release contained within it would encompass his alleged claim for medical benefits." *Id*. ¶ 24. Further discussion ensued between counsel regarding whether Plaintiff's medical claims would be released as part of the settlement; upon reviewing the plan and the claims, Defendant concluded that there would be no exception for those claims, which would indeed be covered by the general release in the settlement agreement. *Id*. ¶¶ 24-29. Plaintiff refused to sign the settlement agreement. *Id*. ¶ 30.

## II. LEGAL PRINCIPLES

This Court has the equitable power to enforce a settlement agreement, *Brock v. Scheuner Corp.,* 841 F.2d 151, 154 (6th Cir.1988), but that remedy is restricted to cases where there is no dispute or ambiguity as to either the entry into, or the terms of the agreement. *Kukla v. National Distillers Products Co.,* 483 F.2d 619, 621 (6th Cir.1973).

Indeed, "summary proceedings may result in inequities when ... such a dispute does exist." *Id*. Thus, "[b]efore enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock,* 841 F.2d at 154. *See also Therma-Scan, Inc. v. Thermoscan, Inc.,* 217 F.3d 414, 419 -420 (6th Cir. 2000). An oral agreement to settle may be enforceable, but only when "parties have agreed on the essential terms of a settlement, and all that remains is to memorialize the agreement in writing...." *Re/Max International, Inc. V. Realty One, Inc.*, 271 F.3d 633, 646 (6th Cir. 2001). Even where there is a written memorialization, or where an agreement is placed on the record, however, it may not be enforceable if there is still ambiguity or uncertainty as to the parties' mutual understanding of all material terms. *Therma-Scan, supra*; *Brock, supra*. Enforceability of an alleged settlement agreement is analyzed under principles of contract law, and "[p]art of [the] threshold interpretation is the question of whether the terms of the...contract are ambiguous." *Morgan Stanley Group Inc. v. New England Ins. Co.*, 225 F.3d 270, 275 (2nd Cir. 2000). The grant or denial of a motion to enforce a settlement agreement is entrusted to the court's discretion. *Re/Max International, supra.*

### III.   ANALYSIS

In this case, there was clearly a mutual agreement as to the monetary terms of the settlement. However, after Defendant's counsel sent a proposed written agreement to Plaintiff's counsel, the Plaintiff–who had not to this point personally participated in a multi-party mediation or settlement conference–expressed concern as to whether the general release described in the written settlement proposal applied to the claim for medical benefits related to gall bladder surgery. This specific issue had not previously been discussed between counsel; thus, there could have been no agreement on this specific issue notwithstanding any previous discussions about a general waiver. Further,

Defendant's counsel did not immediately object or provide an answer, but rather undertook further inquiries with her client and further email exchanges with Plaintiff's counsel. There was clearly *not* a mutual agreement or a meeting of the minds as to the specific issue of whether the Plaintiff's medical claims were to be released. Again, in order for this Court to enforce a settlement agreement, there must be no dispute or ambiguity as to the terms, lest enforcement lead to inequities. *Kukla, supra*. The Court must have a measure of confidence and certainty that the parties have in fact share a meeting of the minds as to all material terms.

Moreover, by its very terms, the proposed written agreement that Defendant's counsel prepared was not a final, binding agreement. Paragraph 8 of the proposed agreement provides Plaintiff with a 21-day period to discuss it with counsel and to decide whether to sign it. Paragraph 8 also provides that "Claimant shall have seven (7) days from the date he signs this Agreement to change her mind and revoke the Agreement ...." *See* ECF No. 29-1, PageID.7324. Upon reading the proposed agreement, consulting with counsel, obtaining further information from Defendant, and ascertaining that the parties were not in accord with the scope of the release, Plaintiff exercised the option *under the terms of the agreement* to withhold acceptance.

That the proposed agreement drafted by Defendant's counsel was not the final, irrevocable agreement is further shown by the Notice of Settlement that the parties filed, which states that "[t]he parties *are in the process of finalizing* the written settlement agreement, and *once the agreement is finalized*, the Parties will file a stipulation of dismissal with prejudice." ECF No. 29-1, PageID.7329 (emphasis added).

## IV. CONCLUSION

"Before enforcing settlement, the district court must conclude that agreement has been reached on all material terms." *Brock, supra*, 841 F.2d at 154. The Defendant has failed to convince this Court that such agreement was reached. Accordingly,

Defendant's Motion to Enforce Settlement Agreement [ECF No. 29] is DENIED.

IT IS SO ORDERED.

    s/R. Steven Whalen
    R. STEVEN WHALEN
    United States Magistrate Judge

Dated: March 19, 2020

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on March 19, 2020 electronically and/or by U.S. mail.

    s/Carolyn M. Ciesla
    Case Manager